# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH HARKER | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-719 |
| | § | (Judge Mazzant/Judge Nowak) |
| OCWEN LOAN SERVICING, LLC; as | § | |
| MORTGAGE SERVICER FOR DEUTSCHE | § | |
| BANK NATIONAL TRUST COMPANY, as | § | |
| trustee for MORGAN STANLEY DEAN | § | |
| WITTER CAPITAL I INC Trust 2002-AM2; | § | |
| AAMES FUNDING CORP. D/B/A AAMES | § | |
| HOME LOANS | § | |

## **MEMORANDUM OPINION AND ORDER**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 21, 2016, the report of the Magistrate Judge (Dkt. #12) was entered containing proposed findings of fact and recommendations that Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital 1 Inc. Trust 2002-AM2's Motion to Dismiss (Dkt. #7) be granted. The Magistrate Judge concluded that Defendants' Motion to Dismiss should be granted because Plaintiff failed to file a response, and because Plaintiff's claims are barred by res judicata (Dkt. #12). Following entry of the report of the Magistrate Judge, Plaintiff filed a Notice of Nonsuit in which Plaintiff voluntarily seeks to dismiss this cause without prejudice (Dkt. #13). For the following reasons, the Court sets aside the report of the Magistrate Judge as moot, and dismisses this action without prejudice.

**ANALYSIS**

On December 4, 2015, Defendants filed their Motion to Dismiss – in lieu of answering – arguing that the aforementioned cause should be dismissed for failure to state a claim because Plaintiff's claims are barred by res judicata (Dkt. #7 at 5). The Magistrate Judge ultimately recommended Plaintiff's claims be dismissed. The recommendation was based on Plaintiff's failure to respond to Defendants' Motion to Dismiss, and also the conclusion that Plaintiff's claims are in fact barred by res judicata (Dkt. #12). Plaintiff did not object to the report and recommendation of the Magistrate Judge, and instead, on January 28, 2016, filed a Notice of Nonsuit, indicating that he desires to voluntarily dismiss this civil action "without prejudice as to all actions asserted and which may be lawfully asserted against the Defendants named therein." (Dkt. #13). The Notice of Nonsuit, to which Defendants have objected (Dkt. #14), was filed after entry of the Magistrate Judge's report and such filing (and its effect on these proceedings) was, therefore, not able to be considered by the Magistrate Judge.

*Plaintiff's Notice of Nonsuit*

Voluntary dismissals by a plaintiff are governed by Federal Rule of Civil Procedure 41(a)(1)(A) that provides, in pertinent part, that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice…states otherwise, the dismissal is without prejudice." *See* FED. R. CIV. P. 41(a)(1)(B). The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required. *In re Amerijet Int'l, Inc.,* 785 F.3d 967, 973 (5th Cir. 2015) (per curiam). Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i) the case is effectively terminated; the

court has no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right. *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976).

Here, Defendants have not yet filed either an answer or a motion for summary judgment; therefore, Plaintiff has the right to voluntarily dismiss his case without an order of this Court. Although Defendants have appeared by filing a Motion to Dismiss, such action does not, as Defendants argue, defeat a voluntarily dismissal under Federal Rule of Civil Procedure 41(a)(1)(A). Indeed, the Fifth Circuit has unequivocally rejected the position that a pending motion to dismiss bars voluntary dismissal. *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977) (plaintiff has absolute right to dismiss his complaint under Rule 41(a) prior to the filing of an answer or motion for summary judgment); *Ragsdale v. Classroom Teachers of Dallas, et. al.,* 2006 WL 3392192 (N.D. Tex. Nov. 15, 2006). And has further recently expounded that "Rule 41(a)(1)(A)(i) 'means precisely what it says' by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice." *In re Amerijet Int'l, Inc.,* 785 F.3d at 973. *See also, e.g. Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters,* 506 F.2d 914, 916 (5th Cir. 1975) (holding that only an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41); *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (motion to dismiss does not constitute an answer or summary judgment under Rule 41(a)); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* §2363 (3d ed.) ("[a]nswer…does not mean appearance, and the mere fact that a defendant has appeared does not preclude a voluntary dismissal under the rule"…"[a] motion to dismiss is neither an answer nor…a motion for summary judgment; thus, unless formally converted into a motion for summary judgment under Rule 56…a motion to dismiss under Rule 12 does not terminate the right of dismissal by

notice"). Therefore, Plaintiff's dismissal of the action without prejudice is appropriate; this Court has no power to deny Plaintiff's dismissal or order that such dismissal be with prejudice (as Defendants urge in their Objection).

Further, the right to dismiss under Rule 41(a)(1)(A)(i) is not extinguished by the reference of an action to a Magistrate Judge, even when the Magistrate Judge has previously recommended a dismissal on the merits at the time a plaintiff seeks to voluntarily dismiss. *See Foss v. Federal Int'l Credit Bank of St. Paul,* 808 F.2d 657 (8th Cir. 1986) (notice of dismissal effective even though Magistrate Judge issued a recommendation that the complaint lacked merit and should be dismissed); *Cooney v. William Robinson Dairy, Inc.,* 744 F.Supp. 841 (N.D. Ill. 1990) (permitting voluntary dismissal without prejudice although Magistrate Judge had already recommended a dismissal on the merits); *Matthews v. City of Tyler, Texas, et. al.,* 2016 WL 633943 (E.D. Tex. February 17, 2016) (finding request for voluntary dismissal should be granted even where Magistrate Judge has previously issued a report recommending dismissal); *Goodman v. Nationstar Mortgage, LLC,* 2015 WL 845724 (M.D. Tenn. Feb. 26, 2015 (finding right to dismiss not extinguished by Magistrate Judge recommendation to dismiss on merits); *Cribbs v. Case,* 2012 WL 4356776 (W.D. Mich. Sept. 24, 2012) (declining to consider Magistrate Judge's recommendation to dismiss on merits where notice of voluntary dismissal filed). Accordingly, the report of the Magistrate Judge must be set aside as moot, and Plaintiff's dismissal of this action without prejudice should be granted.

### *The Court's Inherent Supervisory Power*

While Plaintiff is procedurally entitled to dismissal of his suit without prejudice, the Court, however, notes that this Court possesses the inherent power "to protect the efficient and orderly administration of justice and… to command respect for the court's orders, judgments,

4

procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). As of the date of this order, Plaintiff has filed three separate civil actions, including this one, in this Court alleging the same or similar causes of action in each one against the same defendants. *See Harker v. Ocwen Loan Servicing*, No. 4:12-cv-684, Dkt. 2 (E.D. Tex. October 30, 2012); *Harker v. Ocwen Loan Servicing*, No. 4:15-cv-32, Dkt. 4 (E.D. Tex. January 20, 2015). Both of Plaintiff's two prior related cases have been previously dismissed with prejudice as meritless by the District Judge assigned to the case. *See Harker*, No. 4:12-cv-684, Dkt. 15 (E.D. Tex. April 5, 2013); *Harker*, No. 4:15-cv-32, Dkt. 17 (E.D. Tex. May 14, 2015). Defendants have been forced to defend against meritless litigation brought by this Plaintiff at least three times in the past five years. Plaintiff continues to bring such litigation seemingly, solely for the purpose of delaying foreclosure of a property. Plaintiff is warned that any further abuses of the litigation process could result in sanctions, including monetary sanctions, and the prohibition of filing any future cases in this District except by leave of Court.

**CONCLUSION**

Having received the report of the Magistrate Judge, having considered Plaintiff's Notice of Nonsuit filed subsequent to such report (Dkt. #13), Defendants' Objection to the Notice of Nonsuit (Dkt. #14), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge (Dkt. #12) should be **SET ASIDE AS MOOT.**

It is, therefore, **ORDERED** that Plaintiff's Notice of Nonsuit (Dkt. #13) is **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**. Moreover, Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital 1 Inc. Trust 2002-AM2's Motion to Dismiss (Dkt. #7) is **DENIED AS MOOT.**

All relief not previously granted is hereby denied.

The Clerk is directed to CLOSE this civil action.

**IT IS SO ORDERED.**

**SIGNED this 16th day of March, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE